IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-81221-TLS |
| | ) | |
| DEBRA KAY TRAPP, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Omaha, Nebraska, on May 10, 2010, on an objection to claim filed by the Chapter 13 trustee (Fil. #75), the Chapter 13 trustee's acknowledgment and treatment of claim (Fil. #77), and resistances filed by the Nebraska Department of Labor (Fil. #76 and #78). Erin McCartney appeared for Debtor, Thomas Ukinski appeared for the Nebraska Department of Labor, and Marilyn Abbott appeared on behalf of the Chapter 13 trustee. The Chapter 13 trustee and the Department of Labor were given the opportunity to file post-hearing briefs, which have now been submitted and this matter is ready for decision.

For the reasons set forth below, the trustee's objection is overruled. Further, claims filed under § 1305 are deemed allowed unless and until a substantive objection is filed by a party in interest.

### *Background*

This Chapter 13 bankruptcy case was filed on May 11, 2009. Debtor is an employer under Nebraska law and is obligated to pay unemployment insurance tax to the Department. The tax is a "combined tax," including employer contributions and the state unemployment insurance tax withheld from wages. The proof of claim deadline for governmental units under Federal Rule of Bankruptcy Procedure 3002(c)(1) is 180 days after the order for relief. Accordingly, the governmental unit proof of claim deadline was November 7, 2009. On March 9, 2010, the Department of Labor ("Department") filed its proof of claim against Debtor for post-petition unemployment insurance taxes owed as a priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $1,038.14 (Claim #22). The Chapter 13 trustee objected to the claim as untimely (Fil. #75), and further filed an "ACKNOWLEDGMENT OF CLAIM AND NOTICE OF THE MANNER OF THE PROPOSED TREATMENT OF YOUR CLAIM AND OF AN OPPORTUNITY TO REQUEST A HEARING" (Fil. #77), providing for the claim to be treated as "0.00." The Department filed its resistances (Fil. #76 and #78) asserting that its post-petition claim should be deemed allowed upon filing.

In support of its resistance, the Department introduced the affidavit of Chris Nider (Fil. #82), the unemployment insurance tax administrator for the Department. According to his affidavit, the unpaid unemployment insurance taxes set forth in the claim were incurred by Debtor in the fourth quarter of 2009 and became due on January 31, 2010. Thus, the Department asserts that its claim became payable while the case was pending and the 180-day deadline for filing a proof of claim in Bankruptcy Rule 3002(c)(1) by a governmental unit does not apply to its post-petition claim.

The trustee acknowledges that she has no objection to the merits of the Department's claim. Instead, the trustee believes that case law in this district requires a court order to allow the claim once the claim filing deadline has passed. The Department, on the other hand, believes its claim is deemed allowed unless an objection is filed and that timeliness is not a valid objection to a post-petition claim.

## *Discussion*

Bankruptcy Rule 3002(c) provides that in a Chapter 13 individual debt-adjustment case, "[a] proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief." Accordingly, since the Department's claim is a claim of a governmental unit and was not filed within the 180-day window of Bankruptcy Rule 3002(c), the trustee asserts that the claim is, by definition, untimely. The trustee asserts that the claimant must file a motion to allow the late-filed claim based on the case of *In re Carr*, 142 B.R. 351 (D. Neb. 1992). However, such an interpretation extends *Carr* well beyond its holding.

In *Carr*, the debtor filed a Chapter 13 bankruptcy petition late in 1986. On March 19, 1987, the Internal Revenue Service filed a proof of claim for unpaid *pre-petition* taxes for tax years 1984 and 1985. The taxes for 1985 were estimated as the debtor had not filed a tax return for that year. The debtor's Chapter 13 plan was confirmed in 1987 and provided for the payment of the IRS claim. After confirmation, the Chapter 13 trustee filed a motion to allow claims. No objection was made to the IRS claim and it became final and was allowed by an order of the bankruptcy court on August 24, 1987.

Subsequently the debtor filed his tax return for the year 1985, and the IRS filed an amended proof of claim to reflect an additional tax liability based on the actual return rather than the estimate contained in the original proof of claim. The IRS did not file a motion to have its amendment allowed. Later, the debtor completed all payments provided for under the confirmed plan and, after completion of payments, the trustee filed a motion to reconcile the plan with the allowed claims in order to pay the increased amount of the tax liability. In connection with that motion, the bankruptcy court determined that the amended proof of claim filed by the IRS should be disallowed since it was filed after confirmation and after an order was entered allowing the original claim. The ruling of the bankruptcy court provided:

> I therefore conclude, as a general matter, that if an amended proof of claim is filed after confirmation of a Chapter 13 plan and after the court has entered an order allowing claims, the amended proof of claim does not become an allowed claim unless the moving party makes a motion to reconsider claims under Bankruptcy Rule 3008, or takes some other appropriate action.

*Id.* at 352 (quoting the bankruptcy court opinion).

In affirming the bankruptcy court, the United States District Court for the District of Nebraska stated:

> It is paramount to the authority of the courts that court orders cannot be altered absent further action by the courts. The power to hold parties in contempt for refusing to comply with such orders serves to enforce this authority. A rule permitting automatic changes to the confirmed plan upon the mere filing of an amended proof of claim, without motion or action by the court, would be completely at odds with that standard. . . .
> . . .
> Because the IRS failed to seek modification of the plan during the time permitted by section 1329(a) for modifications, the bankruptcy court correctly denied the trustee's motion to alter the plan once payments had been completed under the plan. Without ruling on whether the amended claim would have been allowed had a motion for reconsideration or some other request for judicial action been timely filed, I must affirm the bankruptcy court's holding that an amended proof of claim filed after entry of an order of confirmation does not become an allowed claim absent a motion for reconsideration or other appropriate action by the creditor.

*Id.*

Unlike *Carr*, the case at hand involves a *post-petition* claim, not a pre-petition claim. Section 1305 of the Bankruptcy Code, which was not involved in *Carr*, specifically provides for the filing of certain post-petition claims as follows:

> (a)    A proof of claim may be filed by any entity that holds a claim against the debtor –
> (1) for taxes that become payable to a governmental unit while the case is pending . . .
> (b)    . . . a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, . . . the same as if such claim had arisen before the date of the filing of the petition.

Thus, § 1305(a) gives the Department the right to file a post-petition claim, while subsection (b) addresses allowance or disallowance of the Department's claim. According to § 1305(b), this Court must look to § 502 for the allowance or disallowance of a post-petition claim. Section 502(i) provides that a claim arising after commencement of the case for a tax entitled to priority "shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."

Subsection (a) of § 502 provides that a claim is "deemed allowed" unless a party in interest objects. Here, the only objection was by the trustee based on timeliness. No other party in interest objected. Subsection (b) of § 502 provides that if an objection is made, the court should determine

the amount of the claim and allow such claim except in various circumstances, including when the proof of claim is not timely filed. The trustee asserts that the proof of claim was not timely filed under Rule 3002. However, there is no time limit under Rule 3002 for post-petition claims arising under § 1305. Thus, looking at § 502(a) and (i), the proof of claim by the Department should be allowed unless a party in interest objects. The trustee objected, but only on the basis of timeliness. The timeliness objection is simply incorrect since there is no time deadline for filing a post-petition claim. No party in interest objected to the substance of the claim. Therefore, the trustee's objection must be overruled and the claim allowed as filed.

In addition to timeliness, the trustee asserts that based on the holding in *Carr,* the Department's claim is invalid without a court order allowing it. However, when *Carr* was decided, this Court's electronic filing system was not in existence. Now, under the electronic filing system, Debtor's attorney receives an immediate electronic notice of every proof of claim that is filed. Thus, Debtor has notice and the opportunity to object to the validity of a post-petition claim. Further, *Carr* involved an amendment to a claim that had already been adjudicated and allowed. Here, the post-petition claim of the Department is a new claim; not one that had already been adjudicated and allowed. The statutory scheme for such a claim is clear – the claim is deemed allowed unless someone objects. Accordingly, the trustee should simply consider a claim filed under § 1305 as deemed allowed unless and until someone objects to the claim. Further, although not a mandated procedure, the trustee in this district follows a procedure whereby she files an acknowledgment and proposed treatment of each claim that is filed, thereby providing yet another opportunity for a party in interest to object to the allowance of the claim as filed.

Finally, the trustee urges this Court to use this case as an opportunity to "reaffirm" the trustee's practice of objecting to every claim (including § 1305 claims) filed after the applicable claim filing deadline in order to provide clarity and consistency in the claims allowance process. However, this Court cannot ignore the statutory scheme which calls for § 1305 claims to be "deemed allowed" absent an objection. In any event, clarity and consistency (as well as efficiency, by eliminating unnecessary timeliness objections) are achieved by simply following the statutory scheme.

IT IS, THEREFORE, ORDERED that the Chapter 13 trustee's objection to the claim of the Department (Fil. #75) is overruled and the proof of claim is allowed as filed.

DATED:  June 14, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Erin McCartney
    Thomas Ukinski
    *Marilyn Abbott/Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.